Matter of 191 Realty Assoc., L.P. v Tejeda (2021 NY Slip Op 02445)





Matter of 191 Realty Assoc., L.P. v Tejeda


2021 NY Slip Op 02445


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 570227/19 Appeal No. 13654 Case No. 2020-01891 

[*1]In the Matter of 191 Realty Associates, L.P., Petitioner-Respondent,
v
Ivan Tejeda et al., Respondents-Appellants.


Manhattan Legal Services, New York (Jerome Carlos Frierson of counsel), appellants.
Warshaw Burstein, New York (Maxwell Breed of counsel), for respondent.



Order, Appellate Term of the Supreme Court, First Department, entered November 22, 2019, which reversed an order of the Civil Court, New York County (Kimon C. Thermos, J.), entered on or about December 27, 2018, granting respondents tenants' motion for summary judgment dismissing the petition, unanimously affirmed, without costs.
The Appellate Term properly reinstated the landlord's petition. The tenants seek to rely on the amendments to the Rent Stabilization Law (RSL [Administrative Code of City of NY]) § 26-511(c)(14) under the rent act of 2015, which provided that an apartment would become subject to deregulation where a preferential rent was charged if
"(i) such legal regulated rent prior to vacancy is [$2,500] per month, or more, for any housing accommodation that is or becomes vacant after the effective date of the rent act of 2011 but prior to the effective date of the rent act of 2015 or (ii) such legal regulated rent is [$2,700] per month or more" (L 2015, ch 20).
Here, however, the record reveals that the tenants' lease commenced before the effective date of the rent act of 2015, and the apartment had already been deregulated under the now-repealed high rent vacancy deregulation provisions of RSL 26-504.2(a). Under the rent act of 2011, RSL 26-511(c)(14) expressly allowed landlords to apply "the most recent applicable guidelines increases and any other increases authorized by law" before calculating the deregulation threshold, and therefore the landlord properly deregulated the apartment before the enactment of the rent act of 2015.
As set forth above, if the apartment became vacant before the effective date of the rent act of 2015, the $2,500 deregulation threshold would apply, and thereafter, the threshold was raised to $2,700. Such language does not suggest, as urged by the tenants, that if an apartment was deregulated under the rent act of 2011 it was "re-regulated" by this language. Accordingly, the Appellate Term properly determined, in finding that the apartment was properly deregulated, that the landlord was entitled to apply the relevant vacancy and guidelines increase permitted under the rent act of 2011 before calculating whether the rent for the apartment reached the high rent vacancy deregulation threshold of $2,500 then in effect (Matter of 233 E. 5th St., LLC v Smith, 162 AD3d 600, 600-601 [1st Dept 2018]).
We have considered the tenants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021