Matter of B.G.R. Realty LLC v Stein (2021 NY Slip Op 03367)





Matter of B.G.R. Realty LLC v Stein


2021 NY Slip Op 03367


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 570234/19 L&T 38035/18 Appeal No. 13731 Case No. 2020-02630 

[*1]In the Matter of B.G.R. Realty LLC, Petitioner-Respondent,
v
Michael Stein, Respondent-Appellant, Martin Stein et al., Respondents.


Bronx Legal Services, Bronx (Jean-Pierre Brutus 0f counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.



Order, Appellate Term of the Supreme Court, First Department, entered on or about January 6, 2020, which affirmed an order of the Civil Court, Bronx County (Arlene H. Hahn, J.), entered on or about December 21, 2018, inter alia, denying respondent tenant Michael Stein's motion for summary judgment dismissing the petition, unanimously affirmed, without costs.
At the time the subject apartment was vacated in August 2011 by a previous tenant, who had a preferential rent, petitioner landlord was entitled to apply the relevant vacancy and guidelines increase permitted under the Rent Act of 2011 (L 2011, ch 97) before calculating whether the rent for the apartment reached the high rent vacancy deregulation threshold of $2,500 then in effect (see Matter of 233 E. 5th St., LLC v Smith, 162 AD3d 600 [1st Dept 2018]). Because that threshold was reached, the apartment was properly deregulated under the 2011 Rent Act.
Under the Rent Act of 2015 (L 2015, ch 20), Rent Stabilization Law (RSL) (Administrative Code of City of NY) § 26-511(c)(14) provided that an apartment for which a preferential rent was charged would become subject to deregulation when "(i) such legal regulated rent prior to vacancy is [$2,500] per month, or more, for any housing accommodation that is or becomes vacant after the effective date of the rent act of 2011 but prior to the effective date of the rent act of 2015 or (ii) such legal regulated rent is [$2,700] per month or more." Tenant interprets the 2015 law as resetting the rules for how to determine whether the $2,500 luxury deregulation threshold was reached for an apartment vacated while the 2011 Rent Act was in effect, even if the apartment had been properly deregulated under the 2011 Rent Act. We disagree.
The above-quoted language of the Rent Act of 2015, providing that the deregulation threshold would be $2,500 for an apartment that became vacant before the Act's effective date and $2,700 for an apartment that became vacant after that date, does not, as tenant contends, suggest that an apartment that was deregulated under the Rent Act of 2011 was "re-regulated" (see Matter of 191 Realty Assoc., L.P. v Tejeda, 193 AD3d 561 [1st Dept 2021]). Rather, we find that the intent of the language was to ensure that, for stabilized apartments that had preferential rents and were vacated during the effective period of the 2011 Rent Act, but were not re-let until after the 2015 Rent Act took effect, the only relevant consideration for purposes of whether
the apartment could be deregulated would be whether the legal rent had reached the $2,500 threshold prior to the time the apartment was vacated.
We have considered tenant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021